FILED
2026 Apr-08  PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

ROSE TRAVIS,

     **Plaintiff,**

**v.**

FEDERAL INJURY CENTER OF
BIRMINGHAM, LLC,

     **Defendant.**

**Case No. 5:25-cv-814-HDM**

## MEMORANDUM OPINION AND ORDER

This case is before the court on a Motion to Dismiss by Defendant Federal Injury Center of Birmingham, LLC ("Federal Injury"). (Doc. 6). Plaintiff Rose Travis sues her former employer, Federal Injury, for sex discrimination under Title VII of the Civil Rights Act of 1964, as amended. (Doc. 1). As set forth more fully herein, Federal Injury's motion is due to be **DENIED**.

### BACKGROUND

Ms. Travis alleges the following facts, accepted here as true:

Ms. Travis is a transgender woman who began hormone replacement therapy in 2016, at the age of twenty-one. (Doc. 1, ¶ 10). In September 2022, Ms. Travis was hired full-time as a physical therapist assistant at Federal Injury. *Id.*, ¶ 11. At the beginning of Ms. Travis's employment, Michael Ruane, the Office Manager, made

transphobic comments in her presence. *Id.*, ¶ 13. Ms. Travis expressed to Mr. Ruane that such comments were unacceptable, and he ceased to make them. *Id.* Ms. Travis worked for Federal Injury for the following year and eight months, during which time she was never written up, disciplined, counseled, or made aware that anyone at Federal Injury was not satisfied with her work performance. *Id.*, ¶ 19.

On May 28, 2024, Ms. Travis informed Mr. Ruane that she was transgender. *Id.*, ¶ 14. Ruane stated it did not change his opinion of her work and did not, at any point, express any issues with her work performance. *Id.* This was the first time Ms. Travis came out as transgender to anyone at Federal Injury. *Id.*, ¶ 15.

The following Monday, June 3, when Ms. Travis arrived for her morning shift, she found the front entrance locked, which was unusual. *Id.*, ¶ 16. Ms. Travis was forced to use the back entrance, where she was met by Alecia Harper, Office Administrator and co-owner of Federal Injury. *Id.* Ms. Harper informed Ms. Travis that she was immediately terminated for "bringing morale down" and handed her a termination letter without providing further details. *Id.* Ms. Travis had never been told prior to her termination that she brought morale down in any way. *Id.*, ¶ 17.

Ms. Travis exhausted all administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 3, 2024, alleging discrimination by Federal Injury. *Id.*, ¶ 6. The EEOC issued Ms. Travis a Right to Sue Letter dated February 26, 2025. *Id.* Ms. Travis timely filed

within the statutorily-allowed ninety-day window. *See id.*; 42 U.S.C. § 2000e-5(f)(1).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[C]omplaints alleging discrimination . . . must meet [this] plausibility standard . . . ." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks omitted). Similarly, a formulaic recitation of the elements of a cause of action is inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering the facts, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must merely produce enough facts to "raise a reasonable expectation that discovery will reveal evidence" of the necessary elements. *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). The pleading

3

standard "requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation marks omitted). At this stage, the issue is "not whether [the plaintiff] will ultimately prevail . . . but whether his complaint was sufficient to cross the federal court's threshold." *Id.* (internal quotation marks and citations omitted).

## ANALYSIS

Federal Injury asks the court to dismiss Ms. Travis's complaint for three independent reasons: (1) Ms. Travis failed to effect service within ninety days as required by Federal Rule of Civil Procedure 4(m); (2) the Complaint is a shotgun pleading; and (3) the Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

### I.    Failure to Serve

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevent[s] service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (brackets omitted). But

the Eleventh Circuit recognizes that district courts have broad discretion to allow service beyond the initial ninety days even in the absence of "good cause." *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005). As noted in *Horenkamp* and in the comments to Rule 4, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m), advisory committee's note to 1993 amendment; *Horenkamp*, 402 F.3d at 1132–33. Indeed, even in the absence of good cause, "the district court *must* still consider whether any additional factors, such as the running of a statute of limitations, would warrant a permissive extension of time." *Lepone-Dempsey*, 476 F.3d at 1282 (emphasis added) (reversing and remanding the lower court's decision to dismiss a case based on lack of service and requiring it to consider that the statute of limitations had passed).

Here, Ms. Travis states that she did not timely serve Federal Injury because Federal Injury listed the incorrect address for service on the Secretary of State's website.[1] (Doc. 8 at 1–2). In addition, the ninety-day statute of limitations for Ms. Travis to file suit has already expired. Therefore, a dismissal—even one without prejudice as required under Rule 4(m)—would effectively constitute dismissal with

---

[1] Although this may be sufficient for a finding of good cause, the court need not make such a finding here, as it is well within the court's authority to accept Ms. Travis's late service even without good cause.

prejudice in this case. These factors warrant the court using its discretion to accept the untimely service, which the court, accordingly, does.

## II.    Shotgun Pleading

Ms. Travis's complaint is not a shotgun pleading. Under Eleventh Circuit precedent, there are four primary categories of shotgun pleadings: (1) a "complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that [is] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separate[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Federal Injury argues that the "blanket incorporation of all preceding paragraphs" into one count constitutes a shotgun pleading under the first *Weiland*

6

category. (Doc. 6 at 7). But Ms. Travis's complaint is *only one count*, meaning that it facially fails to meet the requirements for the first category. It would likewise be illogical to find that the Complaint meets the requirements for either the third or fourth categories, as they require multiple causes of action and multiple defendants, respectively, and Ms. Travis's complaint contains only one cause of action and one defendant. (*See* Doc. 1). As to the second category, which requires that the complaint be "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *Weiland*, 792 F.3d at 1321–23, Ms. Travis's complaint contains only twelve fact paragraphs, each one of which is obviously connected to the single cause of action, (*see* doc. 1). Under no reading of the complaint could it be construed as "a disorganized and confusing complaint that forces Defendant and the Court to guess which specific factual allegations Plaintiff believes support her Title VII theory," as Federal Injury claims it is. (*See* Doc. 6 at 7).

More broadly, Federal Injury has adequate notice of the single claim against it and the grounds upon which that claim rests. *See Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1351 (N.D. Ga. 2018) (finding that a complaint was not a shotgun pleading where it was "implausible" that the defendant was "unable to ascertain the claims being lodged against it and the grounds upon which those claims

7

rest[ed]"). This seven page, twenty-six paragraph complaint is simply not a shotgun pleading.

## III.    Failure to State a Claim

Ms. Travis's Complaint adequately states a claim for relief. Federal Injury argues that, under *Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019) (a summary judgment case), Ms. Travis must plead each element of the prima facie case of discrimination as set out in the *McDonnell Douglas* burden-shifting framework, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), including the existence of a specific comparator. (Doc. 6 at 9). Federal Injury is incorrect.

A Title VII complaint need not allege facts sufficient to make out a *McDonnell Douglas* prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Rather, Title VII complaints are governed by the general pleading standard, *id.*, and thus need only provide "enough factual matter (taken as true) to suggest" intentional race or sex discrimination. *Twombly*, 550 U.S. at 556; *see also Swierkiewicz*, 534 U.S. at 508 ("We hold that an employment discrimination complaint need not include such facts [establishing a prima facie case] and instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief.") (internal quotation marks omitted).

8

It follows, then, that a plaintiff can satisfy the Rule 8(a) pleading requirements without making specific allegations concerning the existence of a similarly situated comparator. *See Powers v. Sec'y, U.S. Homeland Sec.*, 846 F. App'x 754, 756–58 (11th Cir. 2021) (holding the district court erred in finding that plaintiff "had not stated a claim of race discrimination under Title VII because she had not identified a comparator"); *Walker v. Love's Travel Ctr.*, No. CV 17-0298, 2017 WL 4931693, at \*2–3 (S.D. Ala. Oct. 31, 2017) (explaining that allegations regarding the existence of a comparator are unnecessary at the motion to dismiss stage because a plaintiff may establish a prima facie case of Title VII discrimination, and even liability, without reference to a comparator).

Here, Ms. Travis has alleged that she disclosed her protected status,[2] which was previously unknown to her employer, she suffered an adverse employment action—her termination—just a few days later, and the justification given for her termination was vague, subjective, and had never before been raised with Ms. Travis as an issue. (*See* Doc. 1 at 3–5). Although temporal proximity is more often discussed in retaliation cases—due to their having, by definition, a protected activity followed by an adverse employment action—courts may consider suspicious timing, along with other circumstantial evidence, in determining whether a plaintiff has

---

[2] The Supreme Court has made clear that under Title VII, "it is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex." *Bostock v. Clayton Cty.*, 590 U.S. 644, 660 (2020).

plausibly alleged discriminatory intent. *See Ismael v. Roundtree*, 161 F.4th 752, 760 (11th Cir. 2025) (holding that under a convincing mosaic analysis, "suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn" may be adequate to prove discrimination, even at the summary judgment stage) (ellipses omitted); *see also Luthra v. Univ. of Miami*, No. 25-20656-CIV, 2026 WL 705271, at *6 (S.D. Fla. Mar. 2, 2026) (holding that "[a]lleging temporal causation is enough" to survive a motion to dismiss when "discovery may reveal more evidence of causation").

These principles of causation may be applied in the instant case, in which causation can be inferred by the close temporal proximity between Federal Injury learning of Ms. Travis's transgender identity and Federal Injury firing her. Accordingly, the court finds that Ms. Travis has alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the reasons explained herein, Defendant Federal Injury Center of Birmingham, LLC's Motion to Dismiss, (doc. 6), is **DENIED**.

**DONE** and **ORDERED** on April 8, 2026.

                                               _____

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

11